In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, as Superintendent of Insurance, for an Order to Take Possession of the Property of SECOND RUSSIAN INSURANCE COMPANY.

In the Matter of the Application of SECOND RUSSIAN INSURANCE COMPANY, Appellant; THE SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Respondent.

(Argued March 18, 1929; decided March 26, 1929.)

*Robert J. Sykes* and *Paul Bonynge* for appellant. The right of the Second Russian Insurance Company to appear as a suitor in the courts of this State has been conclusively settled. (*James & Co.* v. *Second Russian Ins. Co.*, 239 N. Y. 248; *Murphy* v. *Second Russian Ins. Co.*, 240 N. Y. 554; *Matter of People by Beha* v. *Second*

Russian Ins. Co., 243 N. Y. 524; *Behre* v. *Second Russian Insurance Co.*, 223 App. Div. 883.) The Appellate Division erred in denying the authority of the directors of the Second Russian Insurance Company. (*James & Co.* v. *Rossia Ins. Co.*, 247 N. Y. 262; *Joint Stock Co.* v. *Nat. City Bank*, 240 N. Y. 368; *Russian Reinsurance Co.* v. *Stoddard*, 240 N. Y. 149; *First Russian Ins. Co.* v. *Beha*, 240 N. Y. 601; *James & Co.* v. *Second Russian Ins. Co.*, 239 N. Y. 248; *Matter of People by Beha* v. *Northern Ins. Co.*, 223 App. Div. 710; *Matter of Russian Reinsurance Co.*, 223 App. Div. 378.)

*Frederick B. Campbell* and *Paul C. Whipp* for Russian Reinsurance Company et al., *amici curiæ.* It is not the law, as held by the court below, that these Russian insurance corporations which have heretofore transacted business in this State long subsequent to the Russian Revolution with the approval of the Superintendent of Insurance, do not exist even for the purposes of suit and that their surviving directors have no authority to authorize attorneys here to appear for them in the protection of their interests in the funds now in the custody of the Superintendent of Insurance. (*Russian Reinsurance Co.* v. *Stoddard*, 240 N. Y. 149; *First Russian Ins. Co.* v. *Beha*, 240 N. Y. 601; *Joint Stock Co.* v. *Nat. City Bank*, 240 N. Y. 368; *Moscow Machine Co.* v. *Richard*, 240 N. Y. 707; *James* v. *Rossia Insurance Co.*, 247 N. Y. 262.)

*Chester B. McLaughlin* and *Clarence C. Fowler* for respondent. The former directors had no authority whatever to commence this proceeding for the company, nor to execute the alleged retainer. (*Severnoe Securities Corp.* v. *Westminster Bank, Ltd.*, 214 App. Div. 14; *Andre* v. *Beha*, 211 App. Div. 380; 240 N. Y. 605; *Southworth* v. *Morgan*, 205 N. Y. 293; *Electric Fireproofing Co.* v. *Smith*, 113 App. Div. 615; *Galland* v. *Shubert Theatrical Co.*, 105 Misc. Rep. 185; *Banque Internationale* v. *National City Bank*, 133 Misc. Rep. 515.)

*Per Curiam.* A. deSevaux, M. Miller and S. Savitch, who had been directors of the Second Russian Insurance Company before its seizure by the Soviet government, petitioned the court, in the name of the Second Russian Insurance Company, through Bonynge & Barker, attorneys, asking relief as to surplus funds of the Second Russian Insurance Company held by the Superintendent of Insurance of the State of New York. The petition prays for an adjustment of the claims of foreign creditors and payment of the surplus to the petitioner, the Second Russian Insurance Company, or such other relief as to the court seems just and equitable. These Russian insurance companies have heretofore appeared in court, through persons similarly situated as these directors, for the purpose of preserving the property, in this State, of the companies. (*James & Co.* v. *Rossia Insurance Co.,* 247 N. Y. 262.)

The Attorney-General, in a separate proceeding, has required the attorneys to show their authority to appear for the Second Russian Insurance Company, and the Appellate Division has determined that they and the three directors have no authority to make such petition. The petition and all the papers served in connection therewith have been stricken from the record and the proceeding thus finally terminated.

In view of what has heretofore been decided, the three named directors at least had sufficient standing or apparent authority, under all the circumstances, to petition the court for some equitable relief regarding these funds. We by no means intimate that they personally could receive them on behalf of the Second Russian Insurance Company. (*Russian Reinsurance Co.* v. *Stoddard,* 240 N. Y. 149.) However, the Second Russian Insurance Company, its creditors or stockholders, are entitled to these moneys and they cannot be held in perpetuity by the Superintendent of Insurance. Some plan or scheme may be devised for their proper disposition.

We see no legal objection to these directors applying to the court for the payment of the foreign creditors, if any, and suggesting any other means for the proper disposition of the funds. The merits of such application are in no way before us on this appeal.

The order of the Appellate Division should, therefore, be reversed and that of the Special Term affirmed, with costs in this court and in Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.